UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Criminal Action No. 5:19-cr-00068-BJB-LLK

UNITED STATES OF AMERICA                                              PLAINTIFF / RESPONDENT

v.

SIRRON ANTHONY MORALEZ                                                   DEFENDANT / MOVANT

### FINDINGS OF FACT AND RECOMMENDATIONS

Movant filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, to which Respondent responded in opposition, and Movant replied. [Doc. 121, 129, 133].

Movant's reply [Doc. 133] is docketed as a letter, and it includes a copy of Movant's complaint to the Federal Bureau of Prisons regarding lack of timely receipt of Doc. 129. [Doc. 133-1]. This Report finds that Movant's reply is adequate, that further delay is unwarranted.

Because Movant's claims of ineffective assistance of trial counsel are without merit, the RECOMMENDATION will be that the Court deny the motion at Doc. 121.

### Background facts and procedural history

Movant was driving a rental vehicle and was pulled over for speeding. *United States v. Moralez*, 2022 WL 3500192 (6th Cir. Aug. 18, 2022). As Movant rifled through the center console looking for the rental paperwork, Officer Williams saw potential contraband in the form of a box of unknown content labelled "THC." *Id.* Tetrahydrocannabinol (THC) is the main psychoactive compound in marijuana. Officer Williams asked Movant to exit his vehicle while he ran a driver's license check. *Id.* Upon exiting, Officer Williams caught a glimpse of more potential contraband. *Id.* Specifically, "[w]hen [Movant] exited the car, Williams got a glimpse of a glass vial filled with white powder." *Id.* With the help of another trooper, Officer Williams searched the vehicle and located a kilo of methamphetamine. *Id.* As it turned out, the "THC" box contained a marijuana vape pen, and the glass vial was filled with cocaine. *Id.*

1

This Court denied Movant's motion to suppress, ruling that the "THC" box, the glass vial, and the other facts and circumstances gave Officer Williams probable cause to search Movant's vehicle. [Doc. 55].

Movant subsequently entered a written plea agreement with the United States, reserving the right to "appeal the District Court's Memorandum Opinion and Order [DN 55] denying his Motion to Suppress [DNs 45 and 45-1] to the Sixth Circuit Court of Appeals." [Doc. 69]. But, pursuant to the terms of the plea agreement, Movant waived all other claims except "ineffective assistance of counsel or prosecutorial misconduct." *Id.* Movant pled guilty pursuant to the terms of the written plea agreement.

A three-justice panel affirmed Movant's conviction on direct appeal, upholding this Court's denial of Movant's motion to suppress. *Moralez*, 2022 WL 3500192.

A dissenting justice apparently would have granted the motion to suppress based on a conclusion that Officer Williams lacked probable cause to search the vehicle. According to the dissent, the dashcam video and Officer Williams's post-arrest report were at odds with his testimony that he saw the glass vial before the search, and the box of unknown content labelled "THC" did not provide Officer Williams with probable cause to search the vehicle.

The majority specifically rejected this line of argument by the dissent, finding that:

(1) Williams had a clear view of the front seat when Moralez got out of the car (D.E. 34, 02:17), (2) Williams told the other officer that Moralez "dropped that when he got out," (*Id.*, 17:07) and (3) Williams asked Moralez about the vial that he dropped when he got out of the car. (*Id.*, 20:23.) True, the post-arrest report mentions the vial after the search. But given the video evidence and Williams's testimony (that the district court found credible), we cannot say that the district court erred, much less clearly.

*Moralez*, 2022 WL 3500192.

**Claim construction**

It is unclear what Movant's claims are. This is because Movant did not correctly fill out the Court supplied form to be completed by prisoners filing a motion to vacate conviction and sentence under 28 U.S.C. § 2255. [Doc. 121]. The form asked Movant to identify his first claim, and he responded, "ineffective assistance of counsel." *Id.* at PageID.503. The form asked Movant to identify the facts

2

supporting his first claim ("Do not argue or cite law. Just state the specific facts that support your claim"). *Id.* Movant responded, "See memorandum attached." *Id.* When asked to identify his second claim, Movant responded that the "Sixth Amendment right to counsel extends to the plea-bargaining process." *Id.* When asked to identify the supporting facts, Movant responded "See memorandum attached." *Id.* When asked about a third and subsequent claims, Movant responded "N/A [not applicable]." *Id.*

The "memorandum attached" apparently is at Doc. 121-1. Movant styles Doc. 121-1 as a "Motion Pursuant to 28 U.S.C. § 2255," and it consists of 11 typewritten pages. But Doc. 121-1 does not refer back to the form, which asked Movant to identify the "specific facts that support your claim" [Doc. 121]. In fact, Doc. 121-1 does not identify a factual basis for any claim of ineffective assistance of counsel. Rather, Doc. 121-1 appears to be a rambling discussion of caselaw related to issues touched upon by this Court and the Sixth Circuit in connection with Movant's motion to suppress.

Additionally, Movant attaches a tenth page to the nine-page form at Doc. 121, which he calls an "Affidavit of Truth." The "Affidavit of Truth" provides the only indication of a factual basis for any ineffectiveness claim.

The ineffectiveness claims identified in the "Affidavit of Truth" are based on trial counsel's alleged failure to make arguments concerning:

1. the length of the traffic stop and how it was extended beyond a normal traffic stop.

2. the illegal detention … when Trooper Williams placed me in his patrol car.

3. the fact that I wasn't read my *Miranda* rights prior to being placed in the patrol car.

4. the glass vial wasn't used as probable cause until the suppression.

5. I did not give my consent for [Williams] to search my rental.

[Doc. 121, p. 10].

On direct appeal, the Sixth Circuit observed that Movant attempted to raise additional claims going beyond those addressed by this Court in its opinion and order denying motion to suppress [Doc. 55], including whether:

> … there was no probable cause for his arrest (as opposed to the search); the stop went on too long; Williams was not allowed to ask for rental paperwork; Williams was not allowed to ask [Movant] to sit in the squad car; Williams issued the *Miranda* warning too late; and the inevitable discovery exception to the warrant requirement doesn't apply.

*Moralez*, 2022 WL 3500192.  The Sixth Circuit held that Movant waived these claims when he failed to "preserve [them] in his plea agreement" and that no claim rises to the level of "plain error."  *Id.*

In deference to Movant's pro se status, this Report construes Movant's claims to be that counsel was ineffective on three fronts.

First, counsel failed to convince this Court to view the evidence as the dissent later viewed it, i.e., that, when Movant exited the car, Officer Williams did **not**, in fact, get a glimpse of the vial.

Second, counsel failed to argue that Officer Williams violated Movant's constitutional rights when he:

1. Asked Movant for his rental paperwork.

2. Placed Movant in his patrol car while running a license check.

3. Failed to read Movant his *Miranda* rights before placing him in the patrol car (as opposed to waiting until after the meth had been discovered).

4. Failed to ask for consent to search Movant's vehicle.

5. Searched the entire vehicle as opposed to only inside the "THC" box.

6. Improperly prolonged the traffic stop.

Third, counsel advised Movant to enter into a written plea agreement that resulted in waiver of the above claims.

**Discussion**

To be ineffective, counsel must have performed deficiently, and the deficient performance must have been prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984).

Regarding Movant's first ineffectiveness claim, this Court and the majority in *Moralez*, 2022 WL 3500192, found that when Movant exited the car, Officer Williams got a glimpse of the vial. *Compare* this Court's Memorandum Opinion and Order denying motion to suppress [Doc. 55], with the Sixth Circuit's opinion affirming [2022 WL 3500192]. This Court found Officer Williams' explanation for why he did not mention the glass vial until later to be credible. [Doc. 55]. Specifically, Officer Williams credibly testified that he kept mum about the vial because he "didn't want [Movant] to take off running or anything like that." *Id.* Counsel was not ineffective simply because counsel's efforts to convince this Court to view the evidence differently failed.

Regarding Movant's second group of ineffectiveness claims, counsel was not ineffective in relation to these six instances.

First, Officer Williams properly requested Movant's rental paperwork. "Requesting a driver's license, registration, rental papers, running a computer check thereon, and issuing a citation do not exceed the scope of a traffic stop for a speeding violation." *United States v. Bonilla*, 357 F. App'x 693, 696 (6th Cir. 2009) (citing *United States v. Hill*, 195 F.3d 258, 269 (6th Cir. 1999)).

Second, Officer Williams had a right to place Movant in his patrol car. An officer may order a driver from a vehicle as a matter of course during a traffic stop. *Pennsylvania v. Mimms*, 434 U.S. 106 (1977). An officer may also order the individual to sit inside his patrol car while the tasks necessary to the traffic stop are ongoing. *See United States v. Bradshaw*, 102 F.3d 204, 212 (6th Cir. 1996) (holding defendant's detention in the patrol car while the officer awaited the dispatcher's check of defendant's driver's license and vehicle registration was "well within the bounds of the initial [traffic] stop ... [and] a legitimate exercise of valid routine police procedure"); *United States v. Shank*, 543 F.3d 309, 313 (6th Cir. 2008) (following traffic stop for excessive window tint, defendant was directed to sit in back of patrol car

while police verified his identity); *United States v. Munoz Cedillo*, 2022 WL 3572071 (E.D. Tenn. June 3, 2022) (same).

Third, Officer Williams was not required to read Movant his *Miranda* rights during the traffic stop. Although the subject of a traffic stop is detained, typically the "temporary and relatively nonthreatening detention involved in a traffic stop ... does not constitute" being "in custody," which is required to trigger the need for *Miranda* warnings. *See Berkemer v. McCarty*, 468 U.S. 420, 437, 440 (1984) (holding a defendant subject to a traffic stop "is not 'in custody' for the purposes of *Miranda*" because a traffic stop is akin to an investigatory detention); *United States v. Howard*, 815 F. App'x 69, 79 (6th Cir. 2020) (finding that questioning defendant outside of his vehicle by side of the road did not require *Miranda* warnings); *United States v. Munoz Cedillo*, 2022 WL 3572071 (E.D. Tenn. June 3, 2022) (same). Even if Officer Williams failed to read Movant his *Miranda* rights at the appropriate time, Movant identifies no incriminating statement he seeks to suppress.

Fourth, Officer Williams did not need Movant's consent to search Movant's car because Officer Williams had probable cause. The "automobile exception" allows law enforcement to conduct a warrantless search of a vehicle if they have "probable cause to believe that the vehicle contains evidence of a crime." *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007).

Fifth, having established probable cause to search Movant's vehicle, Officer Williams was allowed to search of the entire vehicle (and was not restricted to looking inside the "THC" box). "Under the automobile exception to the warrant requirement, law enforcement officers may search a readily mobile vehicle without a warrant if they have probable cause to believe that the vehicle contains evidence of a crime." *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir.1998) (citing *United States v. Ross*, 456 U.S. 798, 799 (1982)). This search may include all parts of a legitimately stopped vehicle, including the trunk and all containers. *United States v. Burns*, 298 F.3d 523, 542 (6th Cir.2002) (citing *Ross*, 456 U.S. at 825).

Sixth, the traffic stop was not improperly prolonged. There is no indication that a large amount of time passed between Movant's being pulled over and his being arrested for possession of meth. In any event, because there was probable cause to search the vehicle, extension of the stop was warranted.

Regarding Movant's third and final ineffectiveness claim, to the extent counsel advised Movant to waive the above six alleged instances of violation of his constitutional rights, it was not prejudicial to the defense because there was no violation.

**The Court should deny Movant a certificate of appealability.**

The final question is whether Movant is entitled to a certificate of appealability (COA). To obtain a COA, Movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To satisfy this standard, Movant must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Movant has not shown that reasonable jurists would debate or maintain that any of his claims has merit. Therefore, the Court should deny Movant a COA.

**RECOMMENDATION**

Because Movant's claims of ineffective assistance of trial counsel are without merit, the Magistrate Judge RECOMMENDS that the Court DENY Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody [Doc. 121]. The Magistrate Judge FURTHER RECOMMENDS that the Court DENY Movant a certificate of appealability.

September 29, 2023

Lanny King, Magistrate Judge
United States District Court

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

September 29, 2023

Lanny King, Magistrate Judge
United States District Court