UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

SIRRON ANTHONY MORALEZ

v.                                                                                                     No. 5:19-cr-68

UNITED STATES OF AMERICA

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER ADOPTING REPORT AND RECOMMENDATION

Sirron Anthony Moralez petitions for habeas relief, based on ineffective assistance of counsel, from his convictions for drug possession and trafficking. Motion for Relief (DN 121) (citing 18 U.S.C. § 2255). The Court referred this petition to Magistrate Judge King, who recommended that this Court deny Moralez's request for habeas relief and deny his request for a certificate of appealability. R&R (DN 134).

### Record

This case began in 2019 when Kentucky State Trooper T.J. Williams pulled over Moralez, who was driving a rental car more than ten miles over the speed limit. *United States v. Moralez*, No. 21-5859, 2022 WL 3500192, at \*1 (6th Cir. Aug. 18, 2022), cert. denied, 143 S. Ct. 414 (2022). As Moralez searched for the rental documentation, Officer Williams saw, in the center console, a brown box labeled "THC." According to Williams, this type of box typically contains marijuana vape oil—illegal in Kentucky. *Id.* Moralez agreed to sit in the front seat of the squad car while Officer Williams ran his license. *Id.*

As Moralez exited the vehicle, Williams saw a small glass vial filled with white powder, which Williams suspected to be either cocaine or methamphetamine. *Id.* Williams asked Moralez about the circumstances of his trip while running his license. *Id.* Moralez gave vague answers and, to Williams, appeared nervous when discussing why he was taking a cross-country road trip from Wyoming to Tennessee. *Id.* Based on his observations and suspicions, Williams decided he had probable cause to proceed with a search of Moralez's vehicle. *Id.* With the help of another officer, Williams searched the car and discovered close to a kilogram of methamphetamine. *Id.* Further, the box labeled "THC" did in fact contain a marijuana vape pen and the glass vial did in fact contain cocaine, confirming Williams' suspicions. *Id.*

A federal grand jury charged Moralez with possession with intent to distribute methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Indictment (DN 1) at 2. The grand jury also charged Moralez and two co-conspirators with conspiracy to possess methamphetamine with intent to distribute under 21 U.S.C. § 846. *Moralez*, 2022 WL 3500192, at \*1. Moralez moved to suppress the evidence from his

car (DN 45), asserting that Williams lacked probable cause: the box labeled "THC," he contended, wasn't necessarily contraband at first glance. Opinion Denying Motion to Suppress (DN 55) at 3. The then-presiding judge denied his motion, finding that the "THC" box, the glass vial, and the other facts and circumstances provided Williams with probable cause to search the vehicle. *Id.* at 4–5.

Moralez subsequently pled guilty but reserved the right to appeal the denial of his suppression motion. *Moralez*, 2022 WL 3500192, at *2. He waived the right to all other claims on appeal except "ineffective assistance of counsel or prosecutorial misconduct." Plea Agreement (DN 69) ¶ 13. He did appeal the denial of his suppression motion to the Sixth Circuit, along with further objections to the length of the stop, the validity of his arrest, a late *Miranda* warning, and other various alleged defects in his arrest and conviction (several of which he had not previously raised). *Moralez*, 2022 WL 3500192, at *2. The Sixth Circuit affirmed his conviction and upheld the denial of his motion to suppress. *Id.* at *3–4. "[G]iven the video evidence and Williams's testimony (that the district court found credible), we cannot say that the district court erred, much less clearly." *Id.* at *2 n.1. One dissenting judge would have reversed the denial of the suppression motion, arguing the "THC" box alone did not provide probable cause. *Id.* at *4 (Donald, J., dissenting). Apparent inconsistencies in Williams' post-arrest report and the dash-cam video, she concluded, cast doubt on Williams' assertion that he saw the glass vial full of white powder before he searched the car. *Id.*

## Request for Habeas Relief

Moralez's request for relief under 28 U.S.C. § 2255 must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside of the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). This is a "significantly higher hurdle" than Moralez faced on direct appeal. *See Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982). Now Moralez claims that his lawyer was ineffective both in bringing his motion to suppress and in advising him throughout the plea-bargaining process. Motion for Relief at 3–4.

Magistrate Judge King reviewed Moralez's motion for habeas relief and wrote a thorough report and recommendation, which recommended denying Moralez's request. Judge King construed the actual claims of ineffective counsel made by Moralez, who is proceeding pro se, to be:

> "First, counsel failed to convince this Court to view the evidence as the dissent later viewed it, i.e., that, when Movant exited the car, Officer Williams did **not**, in fact, get a glimpse of the vial.
>
> "Second, counsel failed to argue that Officer Williams violated Movant's constitutional rights when he:

2

1. Asked Movant for his rental paperwork.
2. Placed Movant in his patrol car while running a license check.
3. Failed to read Movant his *Miranda* rights before placing him in the patrol car (as opposed to waiting until after the meth had been discovered).
4. Failed to ask for consent to search Movant's vehicle.
5. Searched the entire vehicle as opposed to only inside the "THC" box.
6. Improperly prolonged the traffic stop.

"Third, counsel advised Movant to enter into a written plea agreement that resulted in waiver of the above claims."

R&R at 4.

After reviewing these claims and the Government's response, Judge King first noted that both this Court and the Sixth Circuit found that Williams did see the glass vial when Moralez exited his car—so probable cause didn't rest on the THC box alone. R&R at 5 (citing Opinion Denying Motion to Suppress); *Moralez*, 2022 WL 3500192, at *1. Judge King next concluded that Moralez's counsel was not ineffective in failing to make any of the above-listed objections raised in this petition: Officer Williams' actions during the traffic stop were lawful and, as the Sixth Circuit affirmed, supported by probable cause—so trial counsel couldn't possibly have been ineffective in not pressing these losing arguments. *Id.* at 5–7. Finally, Judge King ruled that Moralez's lawyer was not ineffective in advising Moralez to sign a plea agreement; none of the claims Moralez forfeited amounted to actual constitutional violations and therefore their omission didn't prejudice Moralez's defense. *Id.* at 7.

### Objections to Judge King's Report & Recommendation

Moralez objected to Judge King's report in a manner that largely mirrors his arguments in his initial motion to suppress as well as his § 2255 motion. Objections to R&R (DN 136) at 2–3. Because none of these objections are persuasive, the Court rejects them, agrees with the Magistrate Judge's recommendations, and denies the petition.*First*, Moralez recycles arguments concerning the probable cause for his

---

* The objection complains that Moralez struggled to obtain the Government's response to his motion for habeas relief and didn't have a chance to file a reply (DN 135) until after Judge King issued his report and recommendation. The docket makes clear that Judge King granted him an extension to file a reply (DN 130) and the Clerk of Court mailed an extra copy

detention and the search of the car. He notes that Williams admitted the THC box isn't itself contraband, the officer didn't include the glass vial in his probable-cause determination, any probable cause didn't extend beyond the front seat, and the automobile-exception didn't apply. Objections to R&R at 2–4. Moralez litigated each of these objections before—either in his initial motion to suppress or before the Sixth Circuit. And now his objections raise the same arguments in that Judge King addressed in the R&R. The Sixth Circuit rejected these contentions in its opinion affirming the denial of his suppression motion. *See Moralez*, 2022 WL 3500192, at *2–4. It is "well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). The Court therefore denies Moralez's objections to the R&R that are merely recitations of previously raised claims concerning his traffic stop, detention, and the search of his rental car.

*Second*, Moralez objects again to Judge King's conclusion that his trial counsel wasn't ineffective. The objections note that counsel did not argue that Williams unlawfully extended the traffic stop or failed to give Moralez a *Miranda* warning. Objections to R&R at 2. Nor, he continues, did counsel perform effectively during the plea-bargaining process; though unclear, this is presumably a critique of counsel's advise that Moralez enter a guilty plea rather than pursuing the constitutional arguments raised in this habeas petition. *Id.* at 3.

To claim ineffectiveness of counsel in violation of the Sixth Amendment, a movant must establish that his lawyer "performed well below the norm of competence in the profession" and did so in a manner that "prejudiced h[is] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018). Moralez has not shown either. Judge King correctly noted that Moralez's arguments concerning alleged constitutional violations would've failed even if timely asserted, so he could not have been prejudiced by his counsel's failure to raise them. R&R at 6–8; *see also Moralez*, 2022 WL 3500192 at *4.

Moralez's disagreements with Judge King's decision are entirely conclusory and offer no reason for this Court to disagree. Contrary to Moralez's assertion, a *Miranda* warning is not necessarily required during a traffic stop. *See Berkemer v. McCarty*, 468 U.S. 420, 439–40 (1984). The motion and objection give no reason why the circumstances here warranted one. And in any event, Moralez is not seeking to suppress any statements he made that an earlier *Miranda* warning might've

---

of the response. Even if Judge King had the benefit of the reply before ruling, however, this filing wouldn't have made a difference. It rehearses many of the factual allegations discussed in the motion, contends that the Sixth Circuit dissent proves the merit of his Fourth Amendment argument, requests an evidentiary hearing (without discussing what one would reveal), and asserts that the Government ignored Moralez's ineffectiveness argument based on *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012). For the reasons explained in this opinion and the R&R, none of these arguments support relief.

deterred. Nor does anything in the record suggest that Williams improperly prolonged the stop, particularly given that Williams believed he had probable cause to search the car for contraband. R&R at 7; *see generally United States v. Haynes*, No. 5:21-cr-24, 2023 WL 5821769 at *5–7 (W.D. Ky. Sept. 7, 2023). To the extent Moralez contends his counsel should've litigated these constitutional challenges rather than advising him to enter into a plea agreement, Judge King correctly concluded that no prejudice would follow from this decision because "there was no violation." R&R at 7; *see Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020) ("[F]ailure to raise a meritless claim does not constitute ineffective assistance of counsel.").

*Third*, Moralez argues that Judge Donald's dissent from the Sixth Circuit's opinion affirming the denial of his motion to suppress "creates reasonable doubt in reference to the allegations submitted by the movant." Objections to R&R at 4. This argument is another attempt by Moralez to use a habeas petition to re-litigate a claim he has already brought unsuccessfully before this Court and the Sixth Circuit. Both have held that Williams had probable cause to search Moralez's car, 2022 WL 3500192, at *4, and the Supreme Court denied his petition for certiorari, *Moralez v. United States*, 143 S. Ct. 414 (2022). Moralez has not argued an intervening change in law or any other exceptional circumstance that might merit reconsideration of his initial suppression arguments. That a non-unanimous Sixth Circuit panel rejected the appeal of Moralez's conviction and suppression motion doesn't support reconsideration by the district judge in habeas. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

## Certificate of Appealability

In order to receive a certificate of appealability, a movant must be able to point to "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Moralez has not done so here. He has recycled his arguments about probable cause which the Sixth Circuit has already denied, raised unsupported critiques about his counsel's representation, and asked this Court to revisit his claims based on Judge Donald's dissent from the Sixth Circuit's decision. The Court therefore denies the request for a certificate of appealability.

## Order

The Court adopts Judge King's report and recommendation (DN 134), denies Moralez's motion for habeas relief (DN 121), and denies his request for a certificate of appealability.

5

Benjamin Beaton, District Judge
United States District Court

July 8, 2024